# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 23, 2014 Session

## STATE OF TENNESSEE v. THOMAS EDWARD KOTEWA

**Appeal from the Criminal Court for Anderson County**
**No. B2C00067        Donald R. Elledge, Judge**

---

**No. E2014-00430-CCA-R3-ENC - FILED - SEPTEMBER 11, 2014**

---

JAMES CURWOOD WITT, JR., J., concurring.

I write separately in concurring with the majority because some aspects of the case are worth explaining futher.

In assessing whether the petitioner has framed a case for a due process tolling of the coram nobis statute of limitations, we see that the petition, even as amended by counsel, does not specify when and by what means the petitioner discovered the claim of affiant John D. Carter that, during the investigation of the homicide, Mr. Carter gave a statement to police that would have supported a claim of self-defense. Thus, the state of the record does not enable this court to discern whether the application of the statute of limitations afforded the petitioner a "'reasonable opportunity to assert a claim in a meaningful time and manner,'" *Workman v. State*, 41 S.W.3d 100, 102 (Tenn. 2001) (quoting *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000)), or if it did not, whether the petitioner's "'reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner'" expired before he filed the petition, *Workman*, 41 S.W.3d at 103-04 (quoting *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001)). In other words, we cannot tell, despite the petitioner's conclusory allegations, whether the delay of approximately five years in filing a timely petition for writ of error coram nobis is essentially reasonable.

I point out that, were the facts more fully exposed, the demarcation of a meaningful time and manner for filing the claim might well be informed by the petitioner's apparently immediate awareness of John D. Carter's proximity to the shooting. Mr. Carter's affidavit says that a number of named individuals including the petitioner and the victim

were in Mr. Carter's apartment immediately prior to the shooting. In Mr. Carter's account, the petitioner left the apartment, and the victim and Thurman Bates followed them after Mr. Bates expressed his intent to rob the petitioner. The shooting occurred in short order outside Mr. Carter's apartment although Mr. Carter did not actually witness the shooting. Based upon this account, the petitioner must have known from the outset that Mr. Carter witnessed events that preceded the shooting; yet, we cannot assess the use of that knowledge.

In reviewing an issue of whether principles of due process require the circumvention of an otherwise applicable statute of limitations, our supreme court has instructed the courts to weigh "both the governmental interests involved and the private interests affected by the official action." *Burford v. State*, 845 S.W.2d 204, 207 (Tenn.1992). Clearly the State has an interest in settling criminal convictions, and a defendant has an interest in his conviction's compliance with principles of due process. Now, in the present case, although the petitioner was convicted of a homicide, the conviction resulted from a guilty plea. Even though our supreme court has told the courts that the coram nobis statute may apply to attack guilty-pleaded convictions, *see Wlodarz v. State*, 361 S.W.3d 490 (Tenn. 2012), I believe that the weighing calculus shifts somewhat in favor of the State in most guilty-pleaded convictions. In many of these situations, the State may forever relinquish a contemporary readiness to go to trial in exchange for the finality of a conviction. Based upon the State's readiness to convict, a defendant often eschews trial as a means of lessening his or her exposure to punishment. All in all, the present petitioner's interest in avoiding the bar of the statute of limitations is not as compelling as that of others the courts have reviewed.

JAMES CURWOOD WITT, JR., JUDGE